WILLIAM F. POULTER *et al.*

*v.*

FRANKLIN B. POULTER.

*Opinion filed December 18, 1901.*

1. EXECUTORS AND ADMINISTRATORS—*power of executor to sell real estate—when implied.* A power to sell real estate will be implied where it is necessary to enable the executor to carry out the testator's intention.

2. SAME—*the mere direction to divide property does not necessarily give power to sell.* A direction to distribute or divide property consisting, wholly or in part, of real estate, is not alone sufficient to show an intention of the testator that the executor should sell the land, since if a division can be effected by actual partition a power of sale will not be implied.

3. SAME—*when will may be executed without a sale by the executor.* A will providing that "my land and all of the personal property left" after the widow's death "be equally divided between all my children, less the following sums which have been paid to the ones named," does not necessarily require a sale by the executor to carry out its terms, since a court of equity has power, upon making partition of the land, to arrange and adjust the advancements so as to carry out the provisions of the will.

4. SOLICITORS' FEES—*when apportionment of complainant's solicitor's fee is not improper.* The apportionment of complainant's solicitor's fee in partition is properly made where the bill sets out the interests of the parties correctly, the only contention in the case being that the executor alone had power to sell the property.

APPEAL from the Circuit Court of Edgar county; the Hon. H. VanSellar, Judge, presiding.

H. S. Tanner, for appellants.

J. W. Howell, for appellee.

J. E. Dyas, guardian *ad litem* for Marvin Hurst.

Mr. Justice Cartwright delivered the opinion of the court:

William R. Poulter died on August 30, 1877, leaving Rachel H. Poulter, his widow, and twelve children. At the time of his death he was the owner in fee of one hundred and ninety-five acres of land in Edgar county. He left a will, which was admitted to probate, by which he gave all his real and personal property to his widow for and during the term of her natural life, and by the fourth clause he disposed of the remainder, as follows: "It is further my will that after the death of my widow that my land and all of the personal property left, of all sorts and kinds soever, to be equally divided between all my children, less the following sums which have been paid to the ones named and shall be deducted from their portion: Thomas Poulter has received one thousand ($1000) dollars; Mary A. Gunn has received two hundred sixty-five ($265) dollars; Eliza J. Timmons has received two hundred fifty ($250) dollars; William F. Poulter one horse worth one hundred ($100) dollars, which sums are to be deducted from their share in my estate." By the fifth clause the widow was appointed executrix, and on her death William F. Poulter, one of the sons, was to be executor. The widow, Rachel H. Poulter, died March 16, 1901, and at her death nothing remained of the estate except said lands, the personal property having been exhausted. The bill was filed in this case by appellee, Franklin B. Poulter, one of the sons and devisees, against the appellants, the other devisees, praying for a partition of the lands and an adjustment of the rights of the

parties under the will. The bill was answered, and said William F. Poulter, one of the appellants, who had qualified as executor of the will, filed his cross-bill setting up the same facts as the original bill and asking the court to authorize him to sell the premises and distribute the proceeds. A demurrer was sustained to the cross-bill and it was dismissed. There was no controversy as to the facts or the rights and interests of the beneficiaries under the will, and the court entered a decree for partition of the premises, reserving an adjustment of the advancements between the parties until the report of the commissioners. The commissioners reported that the premises could not be divided, and a decree was entered for a sale by the master in chancery, with directions to bring the money realized from the sale into court, to be distributed under the direction of the court. From that decree this appeal was taken.

The only question involved in the case is whether the executor has a power of sale by the will. No express power of sale was conferred upon him by the will, and if there is any such power it arises only by implication. A power to sell will be implied where it is necessary to enable the executor to carry out the provisions of the will. In such a case the power is given by implication, in order that the intention of the testator may not be defeated, and it will be presumed that the testator intended that the executor should sell the real estate, but omitted, for some reason, to confer express power to do so. (11 Am. & Eng. Ency. of Law,—2d ed.—1043.) The question whether real estate is to be converted into personal property, and distributed as such, is to be determined from the intention of the testator. But such intention must clearly appear. If the testator intended to blend the real and personal estate so as to create a fund to be distributed as money, there would be a power of sale. (7 Am. & Eng. Ency. of Law,—2d ed.—466.) A direction, however, to distribute or divide property consisting, in

whole or in part, of real estate, is not alone sufficient to show an intention of the testator that the executor should sell such real estate. (*Hale* v. *Hale,* 125 Ill. 399; *Gammon* v. *Gammon,* 153 id. 41; 11 Am. & Eng. Ency. of Law,— 2d ed.—1045.) If a division can be effected by actual partition and the intention of the testator can be carried out in that way, a power of sale will not be implied. In *Hale* v. *Hale, supra,* the residue of real and personal estate was to be divided, and it was held that the executors and trustees had no power, by implication, to sell the lands in this State, and that to sustain the doctrine of equitable conversion the provisions of the will must be so clearly written as to leave no doubt that the testator intended to have his real estate converted into personalty. In *Gammon* v. *Gammon, supra,* the will blended the real and personal property in a residue, which was to be divided into two equal parts, and one of these parts was to be subdivided into five equal parts. The right of the executor to sell the real estate for the purpose of distribution was denied. In this case, if the personal property had been sufficient there would be no trouble in dividing the real estate and adjusting the advancements out of the personalty, but it is urged that a court of chancery was powerless to adjust the advancements on a partition of the real estate. The only direction here was to divide the property, but the advancements made to some of the children were to be adjusted as directed by the will. A court of equity is often called upon, in suits for partition, to adjust equities between the tenants in common by allowance to some and charges to others for rents and profits or for improvements put upon the premises. We think that the court might, in this case, in like manner, upon a partition of the land itself, have arranged and adjusted the advancements so as to carry out the will of the testator. We cannot say that it is clear the testator intended a sale of his real estate, and that the will could not be executed without such a sale.

The court allowed complainant's solicitor a fee to be paid out of the proceeds of the sale of the estate, so as to be borne equally by all the parties, according to their interests.   It is asserted that the court had no power to do this, but we think there was no error in allowing a reasonable fee.

The bill stated the interests of the parties correctly and the answer admitted all its allegations.   The sole claim of the executor was that he, alone, had power to sell the real estate.   No attack was made on the rights of any of the parties as set forth in the bill, and no substantial defense was interposed. It is not contended that the decree will not do exact justice, but only that the executor should sell the property.

The decree of the circuit court is affirmed.

*Decree affirmed.*