ESTHER KELLER, Plaintiff-Appellant, *v.* GEORGE W. SCHOBERT, Individually and as Exr. of the Will of Louise Schobert, Deceased, *et al.,* Defendants-Appellees.

(No. 73-43;

Third District—August 2, 1973.

*Rehearing denied September 10, 1973.*

Lawrence Baxter, of Ottawa, for appellant.

John Wolslegel, Peter Ferracuti, Andrew O'Connor, William E. Twohey, and Robert E. White, all of Ottawa, (H. Robert Langer, of counsel,) for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Esther Keller, commenced this action in the Circuit Court of La Salle County to partition real estate derived from the estate of her mother, Louise Schobert. The Defendants are the plaintiff's brothers and sisters, and her brother, George Schobert, is also named defendant in his capacity as executor of the estate of Louise Schobert. Defendants moved to dismiss the complaint for partition which motion was allowed. Plaintiff has appealed from the order dismissing her complaint.

Since this action was decided on the pleadings, the facts are substantially undisputed. Louise Schobert died February 12, 1970, leaving her surviving six children, one of whom is the plaintiff in this action and the others, defendants. On March 5, 1970, the will of Louise Schobert was admitted to probate and George Schobert (a son) was appointed executor.

Clause 2 of the will provides, "My Executor, hereinafter named, is hereby authorized and directed to reduce all of my estate into cash as soon after my death as may be conveniently done and distribute the net proceeds of such sale or sales as is hereinafter set forth." Clause 3 provides in part, "Although I have authorized and directed my executor to reduce my estate to cash he is hereby advised and directed to abide by the option which I do hereby grant unto my son, George W. Schobert, and my daughter, Helen Schobert, which options are as follows: * * *" (the options do not relate to the property which is the subject of this proceeding). Clause 5 provides in part, "When my estate has been reduced to cash, my executor is hereby authorized and directed to make distribution of the net proceeds then remaining, after the payment of all my debts and costs and expenses of administration, in the manner following: * * ". The proceeds were to be divided equally among her six named children, the share of one being bequeathed in trust for that child. Clause 7 of the will, dealing with the powers of the executor, provides in subsection (c), "To distribute the residue of my estate in cash or in kind or partly in cash, and for this purpose the determination of the executor as to the value of any property distributed in kind shall be conclusive."

Plaintiff filed her complaint for partition on September 15, 1972, alleging that by virtue of the foregoing provisions of her mother's will, she was entitled to a one-sixth interest in 180 acres of farm land owned by her mother. Defendant moved to dismiss the complaint for partition alleging the provisions of the will constituted an equitable conversion of the real estate into personal property and because of the executor's right

and duty to sell the real estate, partition would not lie. The motion also alleged that contracts had been entered into for the sale of the real estate by the executor on or before September 25, 1972. After arguments and briefs, the trial court allowed defendants' motion to dismiss the complaint.

On this appeal plaintiff argues the trial court erred in either of two respects; first, the provisions of the will did not indicate testator's intention that real estate be constructively considered personal property and second, even if the principle of equitable conversion required that the real property be considered personal property, the property was reconverted to real property due to the lapse of time.

■■ In determining the intention of a testator, a gift of the proceeds of sale of the real estate is regarded as a gift of personal property and is referred to as the doctrine of equitable conversion in accord with the equitable maxim that equity regards as done that which ought to be done. The application of this rule may affect the determination of the persons entitled to receive the gift (*Smith v. Christopher*, 268 Ill.App. 23), or it may affect the rights of third persons as the same may relate to whether the property is real property or personal property (*McCormick v. McCormick*, 292 Ill. 301, 127 N.E. 79). However, whether the doctrine of equitable conversion is applicable is most frequently raised in controversies between executors and heirs where the issue is who has the right to exercise exclusive authority over the sale of real estate. Consonant with the general rule of determining and applying the testator's intention, the rule has evolved that where the executor's powers and authority are imperative, the real estate will be deemed to be converted to personal property. (*Grove v. Willard*, 280 Ill. 247, 117 N.E. 489.) If, on the other hand, the will confers upon the executor merely discretionary power of sale, the character of the real estate as such is not changed. *Vierieg v. Krehmke*, 293 Ill. 265, 127 N.E. 735.

■■ It should be observed that particularly when the controversy to be resolved relates to who may sell the real estate, the initial authority of the executor is the same in either case and there is no question but that initially the executor has power, where so directed by the will, to convey real estate in accord with the terms of the will, whether the real estate be considered as such or whether it be considered personal property. Even if the real estate retains its character as such and the powers of sale be regarded as discretionary, the executor has a reasonable time in which to exercise his powers and duties before the property, subject to the power, may be dealt with in collateral proceedings. (*Vierieg v. Krehmke*, 293 Ill. 265, 127 N.E. 735.) If the real estate has constructively

become personal property under the application of the doctrine of equitable conversion, even the imperative power of the executor may be forfeited or terminated if not exercised within a reasonable time (*Brandt v. Phipps*, 398 Ill. 296, 75 N.E.2d 757), or within a specified time described in the will. *Pope v. Kitchell*, 354 Ill. 248, 188 N.E. 451.

*Brandt v. Phipps*, 398 Ill. 296, 75 N.E.2d 757, refers to and acknowledges there are two lines of cases dealing with the power of an executor to sell real estate and divide the proceeds in accord with testamentary provisions. It is our conclusion after reviewing the lines of authority, cases cited earlier in this opinion and the provisions of the will, the trial court acted properly in holding the real property should be considered personal property subject to the executor's authority.

■■■ Considering the real estate to have been converted to personal property by the provisions of the will, it is our further conclusion, reconversion to real property did not occur. Undoubtedly the affect of the doctrine of equitable conversion may be reversed and the property resume its original character as real property by the concurrence or agreement of all of the beneficial owners of the interest therein, if all of such persons are legally competent. (*Bergman v. Rhodes*, 334 Ill. 142, 165 N.E. 598.) It also appears, as in *Brandt v. Phipps*, 398 Ill. 296, 75 N.E.2d 757, that reconversion may occur automatically or at least the rights of an executor will be forfeited, if such a period of time has elapsed that it is patent the executor has abdicated his duties or abandoned his interest in the real estate. In *Brandt*, the rule was applied where nine years had elapsed. In the case at bar, approximately two and a half years elapsed between the appointment of the executor and September, 1972, when this action was filed and when the sales were made by the executor. We do not believe such a period of time is sufficient in and of itself to justify or require an automatic reconversion of property. Plaintiff's own argument supports the view the executor was active during this period of time as executor, even though she was not satisfied with the nature of his activity.

The *Brandt* case also indicates that even where the executor has imperative duties justifying the application of the doctrine of equitable conversion, the failure of the executor to exercise such duties within a reasonable period of time may be the basis of terminating the executor's interest and decreeing a reconversion of the property to its former character. This observation of the court is dicta in the *Brandt* case and assumes the period of time in which the executor has failed to act is less than a period which ought to result in automatic reconversion and obviously depends on factors other than mere lapse of time. Since this case

was decided on the pleadings, namely, the complaint for partition and the motion to dismiss the complaint, the only issue raised in such pleadings is the mere lapse of time itself which, as we have held, is insufficient to constitute an automatic forfeiture of the executor's interest and duties.

For the foregoing reasons, the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.