## JAMES L. REGAN

*v.*

## JAMES J. WEST.

*Filed at Ottawa January 25, 1886.*

1. DECREE—*of its sufficiency as establishing the fee in land in certain heirs, and in determining who were the heirs entitled thereto.* On bill to divest and pass the legal title of the heirs of a deceased testator, to enable a trustee to execute a trust created by the will in respect to the property, the decree found that the testator died seized of certain lands in this State, and that at his death the legal title thereto became and was vested in one of the complainants and the said defendants, naming them, as the only surviving heirs of the deceased: *Held,* that this finding was amply sufficient to establish the fact that the fee of the lands passed to the heirs named, and that they were the only heirs of the deceased.

2. SAME—*appointing trustee without requiring bond—whether the decree void on that account.* A decree appointing a trustee in place of one named in a will, to carry out the provisions of the will, he having also been appointed in another State, and given bond there, is not invalid if it fails also to require bond from the trustee here, and his acts in discharging the trust will not thereby be rendered void.

3. PARTIES—*to bill to appoint a new trustee.* As a general rule, on a bill for the appointment of a new trustee to execute a trust, all persons beneficially interested should be made parties. But where a trustee has been appointed by the court of another State, and the main purpose of a bill is to compel the heirs of a deceased testator to convey lands of the testator in this State to the trustee, to enable him to carry out the provisions of the testator's will, it will not be necessary to make the legatees named in the will parties, as their interests are not sought to be affected. In such case the heirs holding the legal title are the only necessary parties.

4. A testator provided by his will that a trustee therein named, to whom he devised his estate, should pay the net income of certain real and personal estate to S. and H., and upon the death of either, then to the survivor for life, and upon his death the trustee pay certain legacies, and the will then provided that all the residue of the trust estate should go, one-fourth part to the heirs at law of S., etc. The trustee declined to act, and the court of the State where the testator's will was probated, appointed a successor to the trustee named, who, with others, filed a bill in this State to procure a conveyance from the testator's heirs of his land situate here, in which S. and all the other heirs of the testator were made parties, and a decree against them was obtained vesting their title in a new trustee: *Held,* that it was not necessary to have made the unknown heirs of S. parties to the bill.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. QUIGG & TUTHILL, and Mr. CYRUS BENTLEY, for the appellant:

The decree in *Fitz* v. *Sanborn* does not show that all the heirs of Stephen Hoyt were made parties, and if all were not, the legal estate never descended to Fitz, and is not now in appellee. The legatees under the will of Stephen Hoyt not having been made parties to that suit, still have a lien upon the property for their legacies. In suits for the appointment of a new trustee, all persons beneficially interested must be made parties. Hill on Trustees, 195; *In re Van Wyck*, 1 Barb. Ch. 565; *Abbott's Petition*, 55 Me. 580; *Hall* v. *Irwin*, 2 Gilm. 176; *Turner* v. *Maule*, 5 Eng. L. & Eq. 222.

The decree in that case is liable to be reversed for error in not requiring bond, with security, from the trustee appointed.

Messrs. RITCHIE, ESHER & JUDD, for the appellee:

The bill in this case avers that all the heirs of Stephen Hoyt were made parties to the bill in *Fitz* v. *Sanborn*, and duly summoned. The demurrer admits the truth of the averment. The decree will bind all the parties, even if the decree fails to show they were the heirs.

The appellant objects that the legatees under the will of Stephen Hoyt, and the unknown heirs at law of Stephen Hoyt Sargent, should have been made parties to the bill for the appointment of the trustee. With regard to the "heirs at law" of Stephen Hoyt Sargent, we regard the following authorities as conclusive to the effect that the presence of Stephen Hoyt Sargent, the life tenant, and of Moses Sargent, Jr., Franklin S. Sargent and Mary Sargent Heywood, whose interests (according to appellant's contention) are identical with those of the unknown heirs at law of Stephen Hoyt Sargent, was sufficient to make unnecessary the pres-

ence of such unknown heirs: *Finch* v. *Finch*, 2 Ves. Sr. 491; *Baylor* v. *Dejarnett*, 13 Gratt. 168; *Gifford* v. *Hart*, 1 Sch. & Lef. 408; *Hopkins* v. *Hopkins*, 1 Atk. 590; *Cholmondely* v. *Clinton*, 2 Jac. & W. 133; *Lorillard* v. *Costar*, 5 Paige, 215; *Faulkner* v. *Davis*, 18 Gratt. 651; *Mead* v. *Mitchell*, 17 N. Y. 210; *Clark* y. *Cordis*, 4 Allen, 475; *Freeman* v. *Freeman*, 9 Heisk. 301; *Chism* v. *Keith*, 1 Hun, 589; *Fowler* v. *James*, 1 Phillips' Ch. 803; Story's Eq. Pl. secs. 144, 145, 792; Tyler's Mitf. Pl. 24, 265; *Sohier* v. *Williams*, 1 Curtis, 493; *Green* v. *Borland*, 4 Metc. 332; *Bradstreet* v. *Butterfield*, 129 Mass. 339; *Gaskell* v. *Gaskell*, 6 Sim. 643; *Nodine* v. *Greenfield*, 7 Paige, 544; *Leonard* v. *Lord Sussex*, 2 Vern. 527; *Allen* v. *Papenheim*, 1 Ves. Sr. 163.

The failure to require bond of the new trustee appointed, is not fatal to a sale and conveyance of the trust property by him. *Bradstreet* v. *Butterfield*, 129 Mass. 342.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in equity, brought by James J. West, against James L. Regan, to compel the specific performance of a contract in writing, executed by Regan, under which he agreed to purchase from the complainant certain property in Chicago. The contract was set out *in hæc verba* in the bill, and it is therein stipulated that the complainant owned a fee simple· title to the property, and it was alleged in the bill that the complainant was seized of an absolute fee simple title to the property which he had offered to convey to the defendant. The complainant in his bill also sets out in detail the chain of title held by him. The defendant interposed a demurrer to the bill, which the court overruled, and the defendant electing to abide by the demurrer, a decree was rendered in favor of the complainant, as prayed for in the bill.

. The property in controversy was formerly owned by Stephen Hoyt, of Salem, Massachusetts, and he died testate April 25,

1878, seized in fee simple of the premises. The property was devised to a trustee for certain purposes in the will declared. Frothingham, named as trustee, declined to act, and George F. Flint was appointed, under the law of Massachusetts, in his place. Flint, after being appointed, died, and one Andrew Fitz was appointed by the court in his stead. Fitz, supposing that he had power to sell and convey real estate, sold the property here involved, to appellee, West. After the purchase, West, entertaining doubts in regard to a title Fitz might make, declined to pay for the property, and Fitz filed a bill in equity for a specific performance of the contract. That cause came before us at the March term, 1884, and after a careful consideration of all the provisions of the will of Stephen Hoyt, it was held that upon the death of Hoyt the title to the land devolved upon his heirs at law, subject to the trust. Had Frothingham, the trustee, accepted the trust, upon such acceptance the title to the land would have passed from Hoyt's heirs to the trustee, and would have related back to the time of Hoyt's death, but as the latter declined to accept the trust, the title continued in the heirs; that Fitz did not, by virtue of his appointment as trustee, become invested with the legal title; that he could only acquire the legal title by invoking the aid of a court of equity. (*West* v. *Fitz*, 109 Ill. 427.) That case settled the question of title, and all that was required of Fitz was to file his bill in the courts of this State and obtain a decree requiring the heirs to convey the legal title to him.

A bill was filed in the circuit court of Cook county, and a decree was rendered requiring the heirs to convey. The heirs failing to make a deed, the master in chancery, under the power contained in the decree, executed and delivered to Fitz a deed conveying the title to the property to him. After Fitz had thus obtained the title, he sold to appellee, West, and this is the title to the property which West sold to appellant, Regan. In the decision of the question whether West

has a good and valid title to the property, it will not be necessary to go back of the decision of *West* v. *Fitz,* where it was held that the legal title was in the heirs of Stephen Hoyt, deceased, and that Fitz, under a proper proceeding in equity, in the courts of this State, might acquire the title to the property as trustee. The only question to be determined here is, whether Fitz acquired title under the decree in the proceedings in the circuit court of Cook county. Appellant has made various objections to these proceedings, none of which, in our judgment, are well taken.

The first objection urged against the validity of the proceedings in *Fitz et al.* v. *Sanborn et al.,* is, that it does not appear from the decree that all the heirs of Stephen Hoyt were made parties to that proceeding, and if all the heirs were not made parties, the legal estate has never passed to Fitz, and hence is not now in appellee. The decree finds that Stephen Hoyt died testate, seized in fee simple of the lots in question. The decree also finds that on the death of Stephen Hoyt, the entire fee of the lands situated in the county of Cook became and now is vested in the complainant, Stephen Hoyt Sargent, and the said defendants, Franklin S. Sanborn, Mary S. Heywood, Moses Sargent, Jr., and Franklin S. Sargent, as the only surviving heirs and representatives of all of the deceased heirs of Stephen Hoyt. We regard this finding in the decree amply sufficient to establish the fact that the fee of the lands passed to certain named persons, and that those persons who were made parties to the bill were the only heirs at law of Stephen Hoyt, deceased.

It is also claimed that the decree is not valid because the legatees under the will, and the heirs of Stephen Hoyt Sargent, were not made parties. It is perhaps true, as a general rule, in a proceeding for the appointment of a new trustee, as laid down by Hill in his work on Trustees, page 195, that all persons beneficially interested should be made parties to the proceeding. But the case of *Fitz et al.* v. *Sanborn et al.*

was not a proceeding of that character. It will be borne in mind that Fitz had been appointed trustee by the probate court of Essex county, Massachusetts, and had given bond as such, and had entered upon the discharge of his duties, and was in the discharge of the duties of trustee when the bill was filed. Now, while it is true the decree in the case appoints Fitz trustee as to the property in Illinois, still the main purpose of the bill was to compel the heirs of Stephen Hoyt, deceased, who had the legal title to the property in controversy, to convey the same to a trustee, in order that such trustee might carry out the provisions of the will, which had named a trustee and clothed him with certain specified powers. Under such circumstances we fail to see any reason why the legatees should be made parties. They had no interest to guard or protect, and no necessity existed which required that they should be made parties to the bill. Had the proceeding been one to remove a trustee and appoint a new one, and adjust the accounts of the trustee, then the legatees might have been interested, and proper parties to the proceeding.

We now come to the second branch of the question,— whether it was necessary to make the heirs or unknown heirs of Stephen Hoyt Sargent parties to the bill.

It is provided in the will of Stephen Hoyt that the trustee named in the will shall pay the net income of certain real and personal property to Stephen Hoyt Sargent and Abbie Hoyt Sanborn, and upon the death of either, the whole income shall be paid to the survivor until his or her death. At the death of the last survivor, the trustee is directed to pay certain legacies to certain named persons. Then follows this provision: "All the residue and remainder of the trust estate I give and devise, one-quarter part to the heirs at law of Stephen Hoyt Sargent, and one-quarter part each to my nephews and nieces, Moses Sargent, Jr., of Belmont, of the State of New Hampshire, Franklin S. Sargent, of said Bel-

mont, and Mary Sargent Heywood, wife of ·H. O. Heywood, of Lake Village, New Hampshire." Stephen Hoyt Sargent is living, and was a co-complainant with Fitz in the bill, and Moses Sargent, Jr., Franklin S. Sargent, and Mary Sargent Heywood, were defendants with the heirs of Stephen Hoyt, deceased, to the bill. But it is insisted that the unknown heirs of Stephen Hoyt Sargent were necessary parties to the bill. Stephen Hoyt Sargent, being alive, had no heirs, known or unknown. It was therefore impossible to make such persons parties to the bill. The object of the bill was merely to transfer the legal title to the real estate in question from the heirs at law of Stephen Hoyt to the trustee who had been appointed to carry out the provisions of the will. What interest persons not *in esse* had in such a proceeding, or what rights pertaining to them could be saved or protected by making them parties, is not quite apparent. As before observed, Stephen Hoyt Sargent, the life tenant, was a party to the bill. So, also, Moses Sargent, Jr., Franklin S. Sargent, and Mary Sargent Heywood, whose interests seem to be identical with that of the "unknown heirs" of Stephen Hoyt Sargent, were parties to the bill, and, as we understand the authorities, this was all that was required. *Finch* v. *Finch*, 2 Ves. Sr. 491; *Hopkins* v. *Hopkins*, 1 Atk. 590; *Lorillard* v. *Costar*, 5 Paige, 215; *Mead* v. *Mitchell*, 17 N. Y. 210; *Clark* v. *Cordis*, 4 Allen, 475; Story's Eq, Pl. sec. 144.

The validity of the decree is also objected to, for the reason that the court failed to require Fitz, the trustee, to give bond, with security, before entering upon the discharge of his duties as trustee. It appears that Fitz had given ample bond in Massachusetts, where he had been appointed by the probate court, and the circuit court doubtless regarded this as sufficient, without requiring a new bond here; but however that may be, the failure to require a bond did not affect the validity of the decree, so far as the title to the property involved is concerned. A similar question arose in *Bradstreet* v. *But-*

*terfield,* 129 Mass. 342, and it was held that a failure to give bond did not invalidate a title made by the trustee.

Under the averments of the bill, which were admitted to be true by the demurrer, we think the appellee held the title to the premises. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*