(No. 13302.—Decree affirmed.)

LIZZIE VIERIEG, Appellee, *vs.* ALBERT KREHMKE *et al.*— (FRED KREHMKE, Exr. Appellant.)

*Opinion filed June 16, 1920.*

1. PARTITION—*partition by a co-tenant is a matter of right—estoppel.* Partition by a co-tenant, when properly brought, is a matter of right, and will be granted unless the party asking for partition is estopped by his own agreement or unless it is in violation of a condition or restriction imposed upon the estate by one through whom he claims.

2. WILLS—*the direction to convert must be positive and explicit.* To establish a conversion the direction to convert must be positive and explicit and the will must decisively fix on the land or the money the character intended to be given it.

3. SAME—*when giving a power of sale does not effect a conversion—partition.* Where a general power of sale is given to the executor without explicit and imperative direction for its exercise and the intention of the testator in the disposition of his estate can be carried out although no conversion is adjudged, the land will pass as such and will be subject to partition where there has been no actual sale, although the executor has attempted to carry out the power given him.

4. SAME—*whether will effects a conversion depends upon intention of testator.* Whether a conversion is effected by a provision of a will giving a power of sale depends largely on the intention of the testator, and that intention must be determined from a consideration of the whole instrument rather than from the terms of a particular clause.

5. POWERS—*general power of sale must be exercised within reasonable time.* Where a will gives the executor a general power of sale without giving imperative directions to sell or fixing a time for exercising the power, the power must be exercised within a reasonable time, and if not so exercised the heirs may proceed to partition the estate.

APPEAL from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding.

RAYMOND & NEWHALL, for appellant.

FAISSLER, FULTON & ROBERTS, for appellee.

E. L. Lyon, guardian *ad litem,* for Carrie Thrun *et al.*

Mr. Justice Thompson delivered the opinion of the court:

This appeal questions the construction placed on the will of Lena Krehmke, deceased, by the circuit court of Kane county. By the first clause of her will testatrix directed that her debts be paid, and by the second clause she gave to her son Fred Krehmke her household furniture. The question arises out of the third, fourth and fifth clauses of the will, which provide:

"*Third*—I give, devise and bequeath unto my said son Fred Krehmke a one-sixth (1/6) portion of the balance of my estate, whether real, personal or mixed and wheresoever situated, to hold in trust for the children of my deceased daughter, Annie Thrun, to be divided equally between them, share and share alike, together with all profits, income and interest therefrom, until such time as they or either of them shall become twenty-one (21) years of age and shall be in need of his or her portion for the purpose of starting into business for himself or herself, the advisability of paying out said money to be left entirely to the discretion of my said executor and trustee hereinafter named.

"*Fourth*—I give the balance of my estate, whether real, personal or mixed and wheresoever situated, to my beloved children, Lizzie Vierieg, John Krehmke, Minnie Krehmke, Albert Krehmke and Fred Krehmke, to be divided equally between them, share and share alike. And I further direct that the portion of my son John Krehmke and my daughter Minnie Krehmke be held in trust by my said son Fred Krehmke during the lifetime of said John Krehmke and Minnie Krehmke, the profits, income and interest therefrom to be paid to the said John Krehmke and Minnie Krehmke at least once in each year. Should the said John Krehmke or Minnie Krehmke die leaving issue, then his or her share

in my estate shall become the absolute property of such issue upon their becoming of legal age.

"*Fifth*—I nominate and appoint my said beloved son Fred Krehmke, of the town of Plato, Kane county, Illinois, to be the executor and trustee of this my last will and testament, [here follows nomination of successors in case of his death,] and I do give to my executor, trustee and successor in trust full power and authority to grant, bargain and sell at the best price obtainable, without leave of court, all real estate which I may own at the time of my death, and to execute deed or deeds of conveyance conveying absolute title in fee to any and all of such real estate as well as I could do if personally living. I further direct that my trustee and successors in trust shall invest all money held in trust by either of them in first mortgages located in this locality."

Testatrix died January 4, 1917, and her will was admitted to probate January 30. She left her surviving as her heirs-at-law six grandchildren, children of a deceased daughter, and five children. At the time of her death she was seized of a 122-acre farm situated in Kane county and possessed of personal property consisting largely of live stock and farming implements. Fred Krehmke, appellant, failing to exercise his authority to sell the real estate, Lizzie Vierieg, appellee, May 16, 1919, filed her bill for partition. June 21 appellant was served with summons, and October 7 he filed his answer, in which he admitted the heirship as set forth in the bill and admitted that the heirs were entitled to the premises as tenants in common in the manner set forth in the bill, with the exception that under and by virtue of the fifth clause of the will there was vested in him, as executor and trustee, the sole and only power and authority to sell said real estate. He admitted that the rights and interests of the several parties were correctly set forth in the bill, but denied that the complainant had any right to partition said estate for the reason that the sole right,

power and authority to sell the property were vested in him as executor and trustee under said will. He alleged that appellee had refused to give her consent to a sale of the property for less than $200 an acre, and that he had endeavored to sell the property for that sum but was unable to sell it for that amount during the years 1917 or 1918. He further alleged that about the middle of July, 1919, he obtained a purchaser who would pay $205 an acre for said land, and that on the 14th day of that month he entered into a contract for the sale of said premises with Jacob M. Myers and accepted from said Myers $1000 in cash, the balance to be paid February 1, 1920. He further alleged that there had never been any demand on the part of complainant or of any of the heirs requesting that said premises be sold at forced sale, and that he had at no time given up his right, power and authority to sell the premises, and that he had never refused or neglected to make a sale of the premises provided a reasonable price could be obtained. Appellee filed her replication to this answer, in which she denied that the fifth clause of the will deprived her of her right to seek partition and denied that the sole right to sell said real estate was vested in appellant. She further denied that she had been consulted about the sale of the premises, but admitted that she was always unwilling to sell the farm for less than $200 an acre because it was worth more than that amount. She neither admitted nor denied the contract with Myers, but she denied that it was a binding contract because it was entered into after the bill for partition was filed and with full knowledge of the bill. The circuit court ordered partition, and appellant prayed and perfected this appeal to review that decree.

Partition by a co-tenant, when properly brought, is a matter of right, and will be granted unless the party asking for partition is estopped by his own agreement or unless it would be in violation of a condition or restriction imposed upon the estate by one through whom he claims.

(*Blakeslee* v. *Blakeslee,* 265 Ill. 48.)   Appellant contends that both of the above conditions exist, which deny appellee .the right to partition.   The point most earnestly urged is that the terms of the will effected a conversion of the real estate into money, and that appellant had the sole right to convert said property into cash and to distribute the pro- ·ceeds in accordance with the terms of the will.   The au- thorities are uniform in holding that to establish a conversion the direction to convert must be positive and explicit and the will must decisively fix on the land or the money the character intended to be given it.  (6 R. C. L. 1075; 3 Pome- roy's Eq. Jur.—4th ed.—sec. 1160.)   Where only a power of sale is given without explicit and imperative direction for its exercise, and the intention of the testator in the dis- position of his estate can be carried out although no con- version is adjudged, the land will pass as such and will not be changed into personalty.   (13 Corpus Juris, 864.)   Of course, whether or not a conversion is effected depends largely on the intention of the testator, and that must be determined from a consideration of the whole instrument rather than from the terms of a particular clause.   Here the testatrix divided her property into six parts, giving one share to each of her six children or his or her issue, three of the shares to be held by appellant as trustee and three of the shares to vest immediately upon the death of testa- trix.   By the fifth clause of this will appellant was clearly given a power of sale, but we fail to find any provision which either expressly or by implication made it impera- tive that he should exercise that power.   The will does not reveal any reason why its terms cannot be carried out without a sale of the property.   Appellant was given au- thority to convert the real estate into cash and to distribute the proceeds, but there was no absolute requirement in the will that the land should be sold, and as no sale was actually made under the power there was no equitable conversion of the land.   (*Haward* v. *Peavey,* 128 Ill. 430; *Bennett*

v. *Bennett,* 282 id. 266.) In *Grove* v. *Willard,* 280 Ill. 247, and in *McCormick* v. *McCormick,* 292 id. 301, the entire estates were disposed of by specific bequests of money, and the only way to carry out the provisions of the wills was to convert the real estate into cash.

Appellant further contends that appellee is estopped from prosecuting this bill for partition because she entered into an agreement with him and the other heirs that the land should not be sold until he could obtain at least $200 an acre for it. The proof shows that at the time the heirs prepared the petition for probating the will, appellant, appellee and their brother Albert Krehmke discussed the question of the price appellant should secure for the land before he made a sale of it. At that meeting appellee declared she would not consent to a sale for less than $200 an acre, and that if a sale was made for less than that amount she would prosecute a suit to have it set aside. There was no agreement among all the heirs of testatrix that the sale should be postponed until such a time as appellant could secure a price of $200 an acre or more nor did appellee agree to waive her right to file a bill for partition. The answer of appellant does not allege there was any such agreement, but merely avers that appellee would not consent to a sale for less than $200 an acre. This did not raise an issue material to the determination of this case.

Under the facts in this case we must hold that the executor has forfeited his right to sell and distribute the assets of this estate. Where the will gives to the executor the power to sell real estate but does not fix the time within which such power must be exercised, the executor must exercise the power within a reasonable time. (*Fischer* v. *Butz,* 224 Ill. 379.) What is a reasonable time will depend largely on the facts in each case. If the executor is not diligent in the exercise of the power, any tenant in common may proceed to partition the estate. The filing of the bill to partition will suspend the power to sell until disposition is

made of the suit to partition.  If partition is finally ordered, the power to sell is destroyed and the sale will be made in the usual course.  Here the executor delayed the sale for more than two years.  His excuse is that the market was not favorable and that appellee would not consent to a sale for an amount that he could secure.  He was authorized to sell without the consent of the other tenants in common, and we do not consider his excuse valid.  Having failed to exercise the power given him within a reasonable time he has forfeited his right to exercise that power.

The decree of the circuit court is affirmed.

*Decree affirmed.*