(No. 23826.—

PANSY DUGGER LOCKNER, Appellee, *vs.* LILLIE MAY VANBEBBER *et al.* Appellants.

*Opinion filed December 10, 1936.*

E. D. George, L. M. Harlan, and Samuel O. Smith, Jr., for appellants.

Alfred A. Isaacs, E. R. Phelps, and Jesse Peebles, for appellee.

Mr. Justice Stone delivered the opinion of the court:

Appellants seek review of a decree of the circuit court of Macoupin county ordering partition and sale of certain premises. To the bill for partition appellants filed an answer and a counter-claim seeking the appointment of a trustee to carry out the terms of the will of James H. VanBebber, deceased, and a certain contract entered into by certain of his adult heirs and a guardian for a minor heir.

James H. VanBebber died testate August 29, 1921, leaving Martha J. VanBebber, his widow, and five children, Lillie May VanBebber, Myrtle Dugger, Sarah Lee Magee, Ernest VanBebber and Tillman VanBebber, his children and heirs-at-law. By his will he gave his entire estate to the widow for life. The will, so far as material here, also provides that after the death of the life tenant "I want what remains of my estate, both real and personal, to be sold within one year and the proceeds, after the costs of administration and sale be fully paid, what then is remaining from said sale to be equally divided share and share alike between my children" [naming them]. The widow, Martha J. VanBebber, died during the month of August, 1931. Tillman VanBebber died intestate during September, 1930, leaving Ruth, his widow, and Wendell and Paul, two minor sons. Paul died in April, 1935. On September 9, 1931, all the surviving children of the testator, and Ruth VanBebber, widow of Tillman, as guardian of Wendell VanBebber, a minor, though not in her own right, signed an agreement by which each party agreed not to commence or be a party to a proceeding to sell, partition or divide the lands of which the testator died seized, "until such time

as this period of depression shall have passed, or they have agreed it may be done, that even before any proceedings be brought into court to partition or divide said lands that they will among themselves confer and determine whether suit shall be brought or whether they may be able to divide and mutually convey to one another his or her portion or part thereof." On November 3, 1931, Myrtle Dugger and her husband conveyed their interest in the property to their daughter, Pansy Dugger Lockner, the appellee here. No other change took place in the property until the filing of this suit. Ernest VanBebber occupied the farm as tenant and has continued so to do. In September, 1935, appellee filed this suit. The defendants (appellants) answered, setting up the contract and denying that any effort had been made to voluntarily partition the real estate. They also filed a counter-claim praying for the appointment of a trustee to sell the land under the terms of the will. The chancellor denied the counter-claim of the defendants and decreed partition as prayed.

The point urged here is that the will effected an equitable conversion of the real estate into personalty, and that the contract among the heirs was insufficient to effect a reconversion, and this being so, the chancellor should have appointed a trustee to sell the land under the terms of the will, as prayed in the counter-claim.

Equitable conversion is that change in the nature of property by which for certain specified purposes real estate is considered as personal property or personal property as real estate and transmissible as such. The rules concerning equitable conversion rest on the maxim that equity regards that as done which ought to be done. Although it is not necessary that there be an express declaration that real estate shall be considered personal property, it is necessary that there be an expression showing a definite intention that the land be sold and turned into money or that the money be expended in the purchase of land. Such requires a clear

and imperative direction. If it be left to the choice, option or discretion of the trustee, executor or other fiduciary charged, whether the property be so used, equitable conversion does not take place because there rests upon such fiduciary no duty to make the change. (*Young* v. *Sinsabaugh*, 342 Ill. 82; *Vierieg* v. *Krehmke*, 293 id. 265; *Gammon* v. *Gammon*, 153 id. 41; *Haward* v. *Peavey*, 128 id. 430; 3 Pomeroy's Eq. Jur. (3d ed.) sec. 1159.) Where the testator by his will merely directs his executor to sell real estate and apply the proceeds to certain purposes the executor will take only a power to sell, but if there be a devise to the executor to sell and apply the proceeds as directed he will take an estate in land. (*Knight* v. *Gregory*, 333 Ill. 643.) Where the testator gives to the executor but a power to sell and such power is not exercised within the period expressly fixed by the testator, the power lapses and partition will lie at the suit of the beneficiaries under the will. (*Pope* v. *Kitchell*, 354 Ill. 248; *Vierieg* v. *Krehmke, supra.*) Though it be said that the language of this will, "I want what remains of my estate, both real and personal, to be sold within one year," is sufficiently specific to amount to a direction to sell rather than an expression of a wish, it is clear that the direction was not carried out within the time fixed by the will. It is conceded by all parties to this suit that the contract to refrain from filing partition proceedings was ineffective, since Ruth VanBebber did not sign in her own capacity and had no authority to sign as guardian for her minor son.

It follows from what we have said that the appellee, as grantee of one of the children of the testator, had a right to a decree for partition of the real estate, and the chancellor did not err in so decreeing. *Decree affirmed.*