(No. 32986.—

LESTER E. REHBEIN, Appellee, *vs.* MAURICE E. NORENE *et al.,* Appellants.

*Opinion filed March 17, 1954.*

Eugene H. Rennick, Jr., of Toulon, and Bernard G. Stutler, of Galesburg, (Brian & Wilson, of Toulon, of counsel,) for appellants.

Burrel Barash, and Robert C. Stoerzbach, both of Galesburg, for appellee.

Mr. Justice Hershey delivered the opinion of the court:

Lester E. Rehbein, plaintiff-appellee, filed a suit in chancery individually and as executor of the will of his wife, Leila Norene Rehbein, deceased, for partition of a 130-acre farm. The farm was devised by Bertha S. L. Norene to her children, one of whom was Leila Norene Rehbein. Defendants-appellants, the surviving heirs of Bertha S. L. Norene, and the executors of her will, answered denying plaintiff's right to partition and claiming that a power of sale given her executors by the will of

Bertha S. L. Norene, deceased, converted the land into personal property. The matter was referred to the master who reported the land susceptible of partition. Objections to the master's report were allowed to stand as exceptions before the court. The exceptions were denied and a decree for partition was entered on May 27, 1953, by the circuit court of Knox County. An appeal therefrom is prosecuted directly to this court.

Bertha S. L. Norene died, testate, April 11, 1938, owning the 130-acre farm which is the subject matter of this action. She left surviving her as her heirs-at-law, her husband, Elias W. Norene, her daughters, Leila Norene Rehbein, Mable Norene, now Mable Norene Shaw, Frances Norene Olsen, now Frances Norene Testos, and her son, Maurice E. Norene. By the first and second paragraphs of her will testatrix directed the payment of all her just debts, funeral expenses and the costs of administration of her estate, and recited the names of the members of her family. By the third, fourth, and fifth paragraphs thereof the testatrix made certain specific bequests of personal property. In the sixth paragraph testatrix devised and bequeathed to her husband, so long as he remained unmarried, one third of the annual gross rents from the farm which is the subject of this action. In the next paragraph she devised and bequeathed the remainder interest in the farm to her four children, share and share alike in fee simple. By the eighth paragraph she devised the rest of her estate to her son, Maurice, or in case of his death prior to her death, then to her daughter Mable to convert the said property into cash within one year and pay all current installments of interest and principal on the mortgage on the farm, the funeral expenses, costs of her last illness, administration costs, a certain four-hundred-dollar bequest to her daughter Frances, and all of her just obligations, and to divide the net proceeds equally between her four children. The remaining paragraph of her will states:

"NINTH: I hereby name, nominate and appoint, as the Executors of this, my Last Will and Testament, my said daughter Mabel and my said son Maurice, and the survivor of them, without bond, and I hereby give to my said Executors (or the survivor) the power to sell the said farm, at public or private sale, and to convey the same, at any time after the said interest herein given to my husband shall have ended, and I further direct that such sale shall be made within a period of not more than five (5) years after such interest shall have ended. And I hereby direct that a sale of said farm can be made at the end of the first two years following my death, if my husband and a majority of my living children, shall so decide and in writing agree. And I hereby give to my Executors (or the survivor) full power to rent and manage the said farm and other property in my estate, and hereby direct that the said farm shall be kept in good condition and that the buildings be kept in reasonable repair and insured for their reasonable value and that the taxes and other legal obligations against the premises be promptly paid when due, and I hereby give to such Executors (or the survivor) full power to re-mortgage said premises (or to otherwise refinance the mortgage now against the same), providing, however, that such mortgage shall in no case be for an amount greater than what would be required to retire the then unpaid amount of the present mortgage and the attendant costs of such refinancing."

The will of Bertha S. L. Norene was admitted to probate in the county court of Knox County on April 20, 1938, and on said date letters testamentary were issued to Mabel Norene and Maurice E. Norene, as executors of the said will. They have continued in said duties but had not at the time of the filing of this complaint in partition on April 9, 1952, exercised their power of sale.

Elias W. Norene, husband of Bertha S. L. Norene, died on June 28, 1950, without having remarried.

Leila Norene Rehbein, daughter of Bertha S. L. Norene, died testate on March 6, 1946, survived by her husband, Lester H. Rehbein, the plaintiff herein, and her daughter, Leila LaVonne Rehbein Mentzer, one of the defendants. By the second paragraph of her last will and testament, Leila Norene Rehbein stated as follows: "I hereby give, devise and bequeath to my husband, Lester E. Rehbein, and to my daughter, Leila LaVonne Rehbein,

absolutely and in fee simple, and share and share alike, all and every part of the real estate and other property that I received or shall receive from the Estate of my mother, Bertha S. L. Norene, late of Altona, Illinois." Lester E. Rehbein was named executor by the fourth paragraph of the last will and testament of his deceased wife.

On April 9, 1952, plaintiff filed his complaint in the circuit court of Knox County alleging that Bertha S. L. Norene devised the 130-acre farm to her four children in fee simple, subject to the interest therein given to Elias W. Norene, her husband; that said real estate became and was vested in those four children; that Leila Norene Rehbein, one of those children, devised to the plaintiff one half of her interest in said real estate, the same being a one-eighth interest vested in plaintiff; that Maurice E. Norene was in possession of the real estate from the date of his mother's death until the appointment of the First Galesburg National Bank as his conservator; and that he had collected the rents, issues, and profits therefrom but had made no accounting of said rents, issues and profits. The plaintiff therefore prayed that a partition of said premises be made by the court according to the respective rights and interests of the parties, and that Maurice E. Norene be compelled to account for the rents, issues, and profits from said land for the years during which he was in possession thereof. Maurice Norene and Mabel Norene Shaw, individually and as executors of the last will and testament of Bertha S. L. Norene, filed a motion to dismiss the complaint as failing to state a cause of action, that they as executors were vested by the will with legal title to the land and were given an exclusive power of sale, said power of sale and power to convey the land being paramount to any right in plaintiff to partition. The motion to dismiss was denied. Subsequently, the same defendants filed a motion to strike, alleging they, as executors, became trustees of the 130-acre farm and were thus vested with

legal title thereto, and that the last will and testament of Bertha S. L. Norene effected an equitable conversion of the land giving her heirs only a right to receive personalty. This motion was denied and the defendants filed answer to the complaint. The cause was referred to a master. The master concluded that the plaintiff was entitled to partition as prayed, subject to the lien for general real-estate taxes due and payable, subject to the lien of a first mortgage, and subject to the rights of Maurice E. Norene as lessee under a certain verbal lease expiring March 1, 1954.

Defendants filed certain objections to the master's report which were allowed to stand as exceptions. On May 27, 1953, the circuit court of Knox County entered a decree for partition.

Defendants first cite several propositions of law governing the construction of wills, and by application of those principles seek to find support for their own construction of the will and their ultimate conclusion that the power of sale given the executors is an absolute one,— the only discretion given the executors being as to the time of sale which was limited to five years. The propositions submitted by defendants are: (1) In the construction of a will the entire language of the will must be considered, giving effect to testator's intention in whatever portion of the will it may be found, (2) it is the court's first duty to examine the will in the light of the surroundings of the testator and see what may be gathered from its four corners, (3) rules of construction will yield to the intention of the testator when not contrary to law or public policy, and (4) a testator is presumed to have intended that all provisions of his will shall take effect upon his death and that every word shall have meaning and vitality.

Let us examine the disputed paragraphs of the will to determine, if we can, the intention of the testatrix. By the sixth paragraph the testatrix, Bertha S. L. Norene, devised and bequeathed one third of the gross rents from this

130-acre farm to her husband, so long as he lived and remained unmarried, to be paid to him in cash from time to time. By the seventh paragraph testatrix devised and bequeathed to her four children "share and share alike, in fee simple and absolutely" the remainder interest in this 130-acre farm subject to their father's interest as specified in the sixth paragraph. She further directed the other part of the rents to be used to pay taxes, maintain the farm, and pay interest on and retire the principal of a mortgage on said farm.

Testatrix devised and bequeathed the residue of her estate, by the eighth paragraph, to her son, Maurice, to be converted into cash within one year after her death, used to pay the current interest and principal installments of the mortgage on the said farm, her funeral bills, costs of last illness, and expenses of administration; to pay four hundred dollars to her daughter Frances, all of her just debts and obligations, and then to make an equal division of the proceeds between her four children.

All of these paragraphs are clear and unambiguous, making it unnecessary to apply rules of construction to ascertain testatrix's intention. The question, however, arises from the ninth and last paragraph of the will. Therein testatrix nominated her children, Mabel and Maurice, as the executors of her will and gave to her "said Executors (or the survivor) the power to sell the said farm, at public or private sale, and to convey the same, at any time after the said interest herein given to my husband shall have ended, and I further direct that such sale shall be made within a period of not more than five (5) years after such interest shall have ended." Testatrix further directed that a sale could be made at the end of the first two years after the death of the testatrix if her husband and a majority of her living children so agreed. Thereafter she gave her executors the power to rent and manage the property, to keep it in good repair, pay taxes and other

legal obligations, and to remortgage or refinance the mortgage thereon.

No language of the will imposes an imperative duty on the executors to sell the farm subsequent to the husband's death. Nothing contained in the will obliged the executors to exercise the power of sale. The terms of the will can all be carried out without a sale of the property. Where only a power of sale is given, without explicit and imperative direction for its exercise, and the intention of the testator can be carried out without such sale, the land will pass as such. The power of sale in such case is merely discretionary in the executors. (*Young* v. *Sinsabaugh,* 342 Ill. 82; *Vierieg* v. *Krehmke,* 293 Ill. 265.) Defendants rely heavily on the testatrix's use of the word "direct" in the sale provision, as indicating an imperative duty to sell imposed on the executors. The word is used only in directing that such sale be made within five years after the husband's interest has ended. It is a mere limitation upon the discretionary power given to the executors. The lack of any imperative duty to sell being imposed upon the executors, and the inclusion of the grant of power within the ninth paragraph, along with the other powers given the executors, indicates, if anything, that the testatrix foresaw a possible necessity for sale of the farm in order to protect the value of the estate.

Defendants maintain that the language of the ninth paragraph effected an equitable conversion of the 130-acre farm and consequently partition may not be had.

Conversion has been defined to be that change in the nature of property by which, for certain purposes, real estate is considered as personal, and personal estate as real, and transmissible and descendible as such. It is an application of the maxim that equity regards that as done which ought to be done. In order to work a conversion while the property remains unchanged in form there must be a clear and imperative direction to convert it. The

authorities are uniform in holding that to establish a conversion the direction to convert must be positive and explicit and the will must decisively fix on the land or the money the character intended to be given it. (*Vierieg* v. *Krehmke,* 293 Ill. 265.) "Although it is not necessary that there be an express declaration that real estate shall be considered personal property, it is necessary that there be an expression showing a definite intention that the land be sold and turned into money or that the money be expended in the purchase of land. Such requires a clear and imperative direction. If it be left to the choice, option or discretion of the trustee, executor or other fiduciary charged, whether the property be so used, equitable conversion does not take place because there rests upon such fiduciary no duty to make the change. (*Young* v. *Sinsabaugh,* 342 Ill. 82; *Vierieg* v. *Krehmke,* 293 id. 265; *Gammon* v. *Gammon,* 153 id. 41; *Haward* v. *Peavey,* 128 id. 430; 3 Pomeroy's Eq. Jur. (3rd ed.) sec. 1159.) Where the testator by his will merely directs his executor to sell real estate and apply the proceeds to certain purposes the executor will take only a power to sell, but if there be a devise to the executor to sell and apply the proceeds as directed he will take an estate in land. (*Knight* v. *Gregory,* 333 Ill. 643.) Where the testator gives to the executor but a power to sell and such power is not exercised within the period expressly fixed by the testator, the power lapses and partition will lie at the suit of the beneficiaries under the will." (*Lockner* v. *Van Bebber,* 364 Ill. 636.) In *Brandt* v. *Phipps,* 398 Ill. 296, this court adhered to the rule that where a testator simply directs his executor to sell real estate and apply the proceeds to specified purposes, the executor takes a power of sale only, but if there is a devise to the executor to sell and apply the proceeds, he will take an estate in the land.

We have here determined that the language of the will of Bertha S. L. Norene, deceased, imposes no imperative

duty on the executors to sell this land, nor is there any other positive and explicit direction that this land be treated as personalty. The sale of the farm is left to the choice, option or discretion of the executors. There is no direction to the executors here to sell this farm, nor is there any direction to apply the proceeds of the sale to a specified purpose. Where there is no imperative direction to the fiduciary to sell but merely a power to sell, no object expressed for the sale, and no direction given as to the application of the proceeds, no conversion is effected, there being a mere naked power of sale. *Kelly* v. *Dyer,* 359 Ill. 46.

Defendants cite several cases as supporting the proposition that there need not be an express declaration that real estate be considered personal property for a conversion to be effected. However, in each of those cases the will specifically directs the sale of the realty, directs a distribution of the proceeds of a sale of the realty, or includes no devise of the fee in the realty. In this case there is no imperative direction to sell or to distribute the proceeds of a sale of the realty, and by the seventh paragraph testatrix devised and bequeathed to her four children, one of whom was plaintiff's deceased wife, the remainder interest in the 130-acre farm subject to her husband's devised interest therein "share and share alike, in fee simple and absolute." The power of sale given to the executors was set forth in the ninth paragraph of the will.

Defendants contend that if the seventh paragraph stood alone, the plaintiff would have a right to partition, but that the language contained in later provisions so cut down the absolute fee there granted, or changed it into personalty so as to deny a right to partition. We can only assume that defendants refer to this power of sale as cutting down the absolute fee or converting it to personalty. As authority for this proposition defendants rely on a quotation from *Keiser* v. *Jensen,* 373 Ill. 184. In so doing, however, defendants overlooked prior language of that same case

wherein this court said, "Where, in a will, language is used which, standing alone, is sufficient to create an estate of inheritance in the first taker, any subsequent language, in order to cut down such estate, must be clear and unmistakable." The same rule has been given voice by this court in other instances. (*Edgar County Children's Home* v. *Beltranena,* 402 Ill. 385; *Cahill* v. *Michael,* 381 Ill. 395.) In this instance the language giving the executors a power of sale is in no way ambiguous, and we have determined that it clearly does not convert this realty into personalty. There is no question but that the absolute fee admittedly devised to plaintiff's deceased wife by the seventh paragraph is not cut down to a lesser estate or converted by the language of the ninth paragraph. Plaintiff's deceased wife was devised an absolute fee interest therein which she in turn devised in part to plaintiff.

Defendant urges there can be no partition of land by a party having an interest in the proceeds, where the land has been converted into personalty. This court has no quarrel with this contention as a mere proposition of law. However, since no conversion has been effected by the provisions of the will of Bertha S. L. Norene, the above rule has no application. Where lands are held in tenancy in common, such right or title being derived by devise, any one or more of the persons interested therein may compel partition. (Ill. Rev. Stat. 1953, chap. 106, par. 44; Jones Ann. Stat. 109.490(4).) Plaintiff received his right or title to this 130-acre farm in tenancy in common with the other heirs of Bertha S. L. Norene and the heirs of Leila Norene Rehbein by devise. He may therefore seek partition. If a power to sell real estate conferred upon an executor is discretionary or a mere naked power of sale, the land, until the power shall have been exercised, remains real estate and subject to partition as such. (68 C.J.S. Partition, sec. 43, page 64; *Boddiker* v. *McPartlin,* 379 Ill. 567.) The filing of a bill for partition by a tenant in

common suspends the discretionary or naked power of sale given to an executor *virtute officii* and, if the partition is ordered, the power to sell is terminated.

We are, therefore, unable to find error in this proceeding, and determine that the decree ordering partition was properly entered by the circuit court of Knox County. Consequently the decree of that court is affirmed.

*Decree affirmed.*