(No. 34112.—

CORA D. BROWN, Exrx., Appellant, *vs.* GEORGE LOCHRIDGE *et al.*, Appellees.

*Opinion filed January 24, 1957.*

LONDRIGAN & LONDRIGAN, of Springfield, for appellant.

WILLIAM M. GIFFIN, and PUTTING & PUTTING, both of Springfield, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Cora D. Brown, executrix of the will of Ella S. Taintor, brought this action in the circuit court of Sangamon County to remove certain alleged clouds upon her title to an improved parcel of real estate in Springfield, and to quiet title in herself, as executrix. A motion to dismiss the complaint was sustained, and a decree entered dismissing the case for want of equity. Plaintiff appeals. A freehold is involved.

Ella S. Taintor died testate on December 5, 1931. She was survived by her husband and their four children. By the third section of her will she gave her husband, Phineas E. Taintor, the right to occupy her dwelling house for life and forbade its sale during his lifetime without his written consent. She also directed her executrix, as trustee, to retain from the proceeds of the sale of her other property the sum of $1,000, to be used for the support and care of her husband.

The controversy centers around the fourth section of her will, which continues:

"Subject to the foregoing, I give, devise and bequeath all the rest and residue of my property and estate to my Executrix hereinafter named with full power and authority to manage and control the same and to sell, dispose of and convert the same into money as fast as the same can be done to advantage, and I direct that the net proceeds from time to time be distributed equally, as the same accrue, among my children, CORA D. BROWN, CHARLES E. TAINTOR, PEARL E. TAINTOR AND R. IRENE LOCHRIDGE, the descendants of any deceased child to take per stirpes the parent's share. And if at the time of any distribution either of my said children be dead leaving no surviving descendant, I direct that the share of such child shall be eliminated and distribution be made among my other children who are then living or have living descendant."

The testatrix appointed her daughter, Pearl E. Taintor, executrix. Her other daughters, R. Irene Lochridge and Cora D. Brown, were appointed successor executrices in that order.

Ella S. Taintor's husband died November 21, 1935. Pearl E. Taintor, the first executrix, died in May of 1937, without having sold any of the real estate. R. Irene Lochridge succeeded her, and as executrix sold two parcels of real estate, one in 1939 and the other in 1942. She died in 1949. The remaining parcel, that which is involved in this case, is the testatrix's dwelling house in Springfield, in which the Taintor family lived for many years. Cora D. Brown and her brother, Charles E. Taintor, still live in

the house and their father and sisters also lived there until their deaths. In 1955 Cora D. Brown became executrix and thereafter instituted this action.

On February 27, 1934, Pearl E. Taintor executed a warranty deed to R. Irene Lochridge, conveying an undivided one-fourth interest in the property here involved. On August 23, 1939, Charles E. Taintor executed a similar deed to R. Irene Lochridge. Both deeds were recorded, and they are the source of the present dispute. Plaintiff claims that at the time they were executed the grantors did not own, and never thereafter owned, any interest in the property sought to be conveyed.

The estate of R. Irene Lochridge was probated and her husband, Frank G. Lochridge, who was her executor, inventoried a one-third interest in this property. By her will she devised one half her real estate to Frank G. Lochridge, and one half to her brother, Charles E. Taintor. Frank G. Lochridge died in May of 1954, and a three-eighths interest in this property was listed in the inventory of his estate.

Plaintiff contends that the deeds from Pearl E. Taintor and Charles E. Taintor to R. Irene Lochridge, and the inventories mentioned, are clouds on her title. Her complaint sought a decree declaring that title to the property is in her as executrix, in trust for the purpose of selling it and distributing the proceeds between Charles E. Taintor and herself, if they are living at the time of distribution, free and clear of any claim of defendants. The defendants are a brother and nieces and nephews of Frank G. Lochridge, the administrator of his estate, the plaintiff's son, and her brother, Charles E. Taintor.

No pleading was filed by the plaintiff's son or by her brother. The administrator of the estate of Frank G. Lochridge, his brother and his nephews and nieces filed a motion to dismiss the complaint, on the grounds that necessary parties were not joined, and that the plaintiff's right to the relief sought was barred by *laches* and estoppel.

Defendants' objection as to parties is that while Cora D. Brown is plaintiff, as executrix, she is not individually a party to the suit. The plaintiff justifies the omission on the ground that the action is one to remove clouds upon her title as executrix, and that because she claims no interest under the deeds which created the alleged clouds she is not a necessary party. As a general rule, where the executor or trustee brings his action against third parties to recover trust property or reduce it to possession, the beneficiaries need not be joined. (*Wollenberger* v. *Hoover*, 346 Ill. 511, 516; *Regan* v. *West*, 115 Ill. 603, 608; 9 A.L.R.2d 13.) In this case, however, the relief that the plaintiff seeks goes further, and affects the rights of the beneficiaries. An adjudication is sought that Cora D. Brown, as executrix, holds the title in trust "for the purpose of selling said real estate and distributing the proceeds between Charles E. Taintor and Cora D. Brown, if they are living at the time the said distribution is made, free and clear of any claim of the defendants herein   *   *   *." While the title of the executrix is involved, the issue at the heart of the case is the determination of the respective rights of the beneficiaries. In such a situation, the beneficiaries are necessary parties. (See *Carey* v. *Brown*, 92 U.S. 171, 172; *New-house* v. *First National Bank*, 13 F.2d 887, 889.) Cora D. Brown should, therefore, have been made a party.

The question then is as to what consequence should follow from the failure to join her, individually, as a party plaintiff or defendant. If the matter is viewed realistically and not formally, she has instituted this suit in her capacity as executrix and has controlled the course of the litigation. There is no doubt, therefore, but that she would be bound individually by the judgment. (*Board of Education* v. *Crilly*, 312 Ill. App. 16, 26-27; 170 A.L.R. 1185; Am. Law Inst. Rest. Judgments, sec. 80.) Since this is so, whether or not she is formally made a party is of relatively minor significance. If her presence was imperative

the matter would be handled by staying the proceedings until the omission was corrected. (*London & Lancashire Indemnity Co.* v. *Tindall,* 377 Ill. 308; Ill. Rev. Stat. 1955, chap. 110, par. 92.) We think it is not necessary to observe this formality at the present time in view of our disposition of the case upon the merits.

Plaintiff's position is that Pearl E. Taintor and Charles E. Taintor had no interest in the property that they could convey because the direction to sell had worked an equitable conversion so that the four children had only a right in the proceeds of sale, contingent, by the express words of the will, on survivorship to the date of distribution. Defendants first argue that there was no equitable conversion because the will does not command a sale in positive language, relying on *Rehbein* v. *Norene,* 2 Ill.2d 363, *Grove* v. *Willard,* 280 Ill. 247, and similar cases. It is true that the will speaks in terms of "power" and does not "direct" a sale. But in the cases relied on by the defendants, in which the court ruled that there was no conversion because the direction to sell was not sufficiently explicit, there was a concurrent disposition of the property to the beneficiaries. (*Rehbein* v. *Norene,* 2 Ill.2d 363; *Vierieg* v. *Krehmke,* 293 Ill. 265; *Pope* v. *Kitchell,* 354 Ill. 248.) Under the present will, however, the beneficiaries are to take nothing except the proceeds of a sale. And this court has repeatedly held that in such a situation a conversion takes place even though the will does not in so many words command a sale. (*Wattjes* v. *Faeth,* 379 Ill. 290; *Grove* v. *Willard,* 280 Ill. 247; *Burbach* v. *Burbach,* 217 Ill. 547.) We hold, therefore, that the will effected an equitable conversion.

Defendants next argue that, if there has been an equitable conversion there has also been an equitable reconversion. To establish the reconversion defendants point to the conveyances by Pearl E. Taintor and Charles E. Taintor as showing that each of them treated his interest in the property as real estate. The plaintiff knew of these deeds.

They point also to the fact that the plaintiff, and the other children of the testatrix while they lived, occupied the property throughout the years that have intervened since the death of their father in 1935. These facts, they argue, either establish an equitable reconversion or bar the plaintiff from denying that one took place.

In our opinion the facts relied on do not have the claimed significance. So far as the deeds are concerned, the devisees may elect to take the land itself instead of the money; but the character of the devise cannot be changed from money to land without the concurrence of all the devisees. In such a case, one devisee cannot sell or convey a valid title to any part of the land. (*Baker* v. *Copenbarger,* 15 Ill. 103, 104.) The concurrence need not be in writing, (*Pasquay* v. *Pasquay,* 235 Ill. 48,) but obviously more is needed than knowledge of conveyances made by other beneficiaries.

Beneficiaries may manifest an election to reconvert by taking possession of the property. (130 A.L.R. 1379, 1413.) But their possession must unequivocally point to an intention to terminate the power of sale. This is not so in the present case. On defendants' theory Pearl E. Taintor conveyed her interest in this property in 1934, and Charles E. Taintor conveyed his in 1939, and after those dates neither of them retained any interest in the property. Yet Pearl continued to occupy the property until her death in 1937, and Charles until the present time. Clearly their occupancy of the property does not correlate with their asserted determination to treat their interests under the will as interests in land. On the present record we see no basis on which to attribute a different significance to the plaintiff's occupancy of the same property.

Nor do we find in the circumstances before us any basis for holding that the claim of the plaintiff is barred by *laches* or estoppel. It is true that this suit was not filed until nearly 20 years had elapsed after the father's death

made it possible to sell this property, and that during that period the plaintiff took no steps to force a sale. But primary responsibility for selling the property was on Pearl E. Taintor and R. Irene Lochridge, the prior executrices, during most of that period. R. Irene Lochridge, through whom defendants claim, was executrix from 1937 to 1949. During that period she sold, as executrix acting under the will, two other parcels of real estate that belonged to the estate. She did not regard her authority to sell under the will as barred by the lapse of 18 years from her mother's death in 1931 and her conduct in conveying as executrix is inconsistent with the defendants' claim that an equitable reconversion had occurred.

Upon the record before us we therefore hold that the deeds from Pearl E. Taintor and Charles E. Taintor to R. Irene Lochridge have no effect upon plaintiff's title, as executrix, which she holds for the purpose of sale and division in accordance with the provisions of the will. The effect, if any, of the warranty deed from Charles E. Taintor upon the division of the fund resulting from the sale is not before us on the record.

The decree of the circuit court of Sangamon County is reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded, with directions.*